UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| MICHAEL R. HOLLIDAY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 05-185-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is currently pending for consideration of cross-motions for summary judgment filed by Plaintiff Michael Holliday ("Holliday" or "the Claimant") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 8, 9] Through this action, Holliday seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he was not entitled to disability insurance benefits and supplemental security income. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Holliday.

**I.    BACKGROUND**

Holliday filed an application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"), alleging an onset date of September 21, 2002. This application was denied initially and upon reconsideration. Thereafter, the Claimant requested a hearing before an ALJ. On April 5, 2004, a administrative hearing was held before

ALJ Ronald Kayser in Hazard, Kentucky.  A supplemental hearing was held on January 12, 2005.  During that hearing, the ALJ heard testimony from Holliday and Maureen Sinclair, a vocational expert ("VE").  Thereafter, the ALJ issued a decision denying benefits to Holliday. The ALJ concluded that Holliday's impairments did not prevent him from performing his past relevant work.  Specifically, the ALJ concluded that Holliday's "post relevant work as an equipment operator did not require the performance of work-related activities precluded by . . . the functional restrictions imposed by [his] condition."  [*See* Administrative Transcript ("Tr."), p. 25.]  Holliday's request for review of the ALJ's decision was denied by the Appeals Council on May 20, 2005 (Tr. 11).  Holliday then filed this civil action challenging the Commissioner's final decision.

Holliday was 52 years old at the time of the alleged onset of disability.  He has a high school education and past relevant work as an equipment operator.  He alleges disability due primarily to back pain.  However, he also complained of an ulcer, hearing deficit, high blood pressure, and "nerves."  Despite these allegations, the ALJ found that Plaintiff was able to perform his past relevant work. (Tr. 25, Finding No. 7).  *See* 20 C.F.R. § 404.1565 (2005). Specifically, the ALJ concluded that Holliday had the residual functional capacity to perform a limited range of medium work activity, which requires lifting no more than 50 pounds at a time and only 25 pounds frequently.  The ALJ further found that

> [Holliday] can sit, stand, or walk six hours total in an eight-hour workday; he has no limits in ability to push or pull.  He cannot climb ropes, scaffolds or ladders but can occasionally climb ramps and stairs, stoop, or crawl.  He may frequently kneel and crawl but has limited handling ability with the left extremity due to CTS.

[Tr., p. 24] After a careful review and evaluation of the medical evidence of record and testimony at the hearing from Plaintiff and the VE, the ALJ found that Holliday was not disabled. (Tr. 19-26).

## II. LEGAL STANDARD

A claimant's social security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b); 20 C.F.R. § 416.920(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 404.1520(c) 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d); 20 CFR § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 404.1520(f); 20 C.F.R. § 416.920(f).[1]

---

[1] Pursuant to 68 Fed. Reg. 51153, 51161-62, the Commissioner has changed the lettering of the relevant Code of Federal Regulations. What were previously 20 C.F.R. §§ 404.1520(e) and (f) are now 20 C.F.R. §§ 404.152020(f) and (g), respectively. The same changes have been made to 20 C.F.R. § 416.920.

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g); 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the

record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

### III. DISCUSSION

Holliday's sole argument in this action is that the ALJ erred by failing to recontact his treating physician, Dr. Chaney. The ALJ discounted Dr. Chaney's conclusion that Holliday was limited to less than sedentary work, noting that:

> this markedly exaggerated RFC [is] totally incompatible with claimant's daily activities (his wife apparently works and he does the housework), the remainder of the medical evidence of record, and Dr. Chaney is making his statements as an accommodation to the claimant. The RFC accompanying the consultative evaluation of Dr. Chaney, Exhibit 13F, is accorded scant weight herein because it is at odds with the narrative report of the examiner, the record as a whole, and represents a conclusion reserved to the Commissioner.

[Tr., p. 21] In summary, the ALJ concluded that Dr. Chaney's diagnoses were "less than compelling." [Tr., pp. 22-23] Notwithstanding these conclusions, Holliday argues that the ALJ should have recontacted Dr. Chaney to "obtain additional information of clarification of his opinions." (Record No. 8, Clmt.'s Br. at 3).

Title 20 of the Code of Federal Regulations, Section 404.1512(e), addresses the issue of recontacting medical sources. The section provides, in relevant part:

> Recontacting medical sources. When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
>
> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical

>source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

The ALJ was correct that the record did not support the conclusion that Holliday had the residual functional capacity to perform less than sedentary work. Unsupported conclusions, even from treating physicians, are not accorded any particular deference. 20 C.F.R. § 404.1527(d)(2). Substantial evidence in the record supported the ALJ's decision to reject Dr. Chaney's conclusions as they relate Holliday's capacity to perform work.

Thus, 20 C.F.R. §§ 404.1512(e) and 416.912(e) did not apply because there *was* sufficient evidence in the record for the Commissioner to determine whether Holliday was disabled. There was no conflict or ambiguity in Dr. Holliday's report that required clarification. Rather, the problem with his report was its lack of objective evidence to support the claims and its inconsistency with the record.

Further, a Social Security Claimant is required to provide proof of his disability. 20 C.F.R. § 416.913(c). When the Claimant does not present all of the evidence to the Commissioner, the Commissioner makes her determination based upon the available information. 20 C.F.R. § 416.916. "It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If Holliday wished to have the ALJ consider other evidence form Dr. Chaney, he should have provided it. Here, however, he has not even identified what evidence was lacking from the record before the ALJ. Instead, he has attempted to use an unrelated provision of the Code of Federal Regulations to require remand in search of

information: (1) he cannot identify and (2) assuming such evidence exists, he was required to provide without assistance from the Commissioner.

In summary, the ALJ considered Dr. Chaney's disability determination and properly discounted it. Substantial evidence in the record supported this conclusion.

### IV.     CONCLUSION

After reviewing the briefs submitted by the parties and the administrative record before the ALJ, it is clear that the ALJ's opinion is supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

(1)     The Claimant's Motion for Summary Judgment [Record No. 8] is **DENIED**;

(2)     The Commissioner's Motion for Summary Judgment [Record No. 9] is **GRANTED**; and

(3)     The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 13th day of December, 2005.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge